The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DONALD TIMM, *et al.*,<br><br>　　Plaintiffs,<br><br>v.<br><br>SEATTLE CHILDREN'S HOSPITAL, *et al.*,<br><br>　　Defendants. | NO. 24-cv-1570-BJR<br><br>**ORDER DENYING MOTION TO AMEND JUDGMENT** |

## I.　INTRODUCTION

Currently pending before the Court is Plaintiffs' Rule 59(e) Motion to Alter or Amend Judgment, ECF No. 39. Plaintiffs ask the Court to reverse the decision it made in its Order of March 26, 2025, ECF No. 37, in which the Court dismissed Plaintiffs' False Claims Act claim and remanded the remaining claims to state court. Having reviewed the materials,[1] the record of the case, and the relevant legal authorities, the Court will deny Plaintiffs' motion. The reasoning for the Court's decision follows.

---

[1] Including the motion, ECF No.39; Defendants' response in opposition, ECF No. 40; and Plaintiffs' reply, ECF No. 42; together with attached exhibits.

ORDER DENYING MOTION TO AMEND JUDGMENT

- 1

## II. BACKGROUND

In brief,[2] Plaintiff, Periphery Neurophysiology, LLC ("Periphery") and its owners, Plaintiffs Donald Timm and Reed Wiman, sued Seattle Children's Hospital, The Association of CHRMC and University Physicians (d/b/a Children's University Medical Group), The Association of University Physicians (d/b/a UW Physicians), and individuals Jeffrey G. Ojemann, M.D., Samuel Browd, M.D., Jonathan Perkins, D.O., Peter C. Esselman, M.D., and Gregory Kinney, Ph.D. (collectively Defendants), in King County Superior Court, alleging retaliation and various contractual claims. *See* Compl., ECF No. 1-1. Defendants removed the action to this Court based on Count VI of the Complaint, which asserts a claim for retaliation under the False Claims Act, 31 U.S.C. § 3730(h). Notice of Removal, ECF No. 1. On March 26, 2025, this Court granted Defendants' dismissal motions, dismissing Count VI of Plaintiffs' Second Amended Complaint, and declined to exercise supplemental jurisdiction of Plaintiffs' remaining claims, all of which were brought under state law. Order 11. The case was then remanded to King County Superior Court, from which it was removed. *Id.* Plaintiffs have filed the pending motion, which seeks amendment of the Court's Judgment dismissing the False Claims Act claim and reversing its order to remand the remaining claims. Mot. 14.

## III. LEGAL STANDARD

Altering or amending a judgment under Rule 59(e) is an "extraordinary remedy," available only in limited circumstances. *Rishor v. Ferguson*, 822 F.3d 482, 491-2 (9th Cir. 2016); *Motorola, Inc. v. J.B. Rodgers Mechanical Contractors, Inc.*, 215 F.R.D. 581, 582 (D. Ariz. 2003) (noting that motions for reconsideration are disfavored); *see also* LCR 7(h)(1). A motion under Rule 59(e) may

---

[2] A more detailed background is available in the Court's prior Order, ECF No. 37.

ORDER DENYING MOTION TO AMEND JUDGMENT
- 2

be granted only where "1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based, 2) the moving party presents newly discovered or previously unavailable evidence, 3) the motion is necessary to prevent manifest injustice or 4) there is an intervening change in controlling law." *Hiken v. Dep't of Defense*, 836 F.3d 1037, 1043 (9th Cir. 2016) (internal citations and quotations omitted) (emphasis deleted).

A Rule 59(e) motion may not be used to "raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). Furthermore, implied in the standard for newly discovered evidence is that such evidence must not only be new but also material, such that it is capable of altering the Court's original judgment. *See Kinchen v. DeJoy*, No. 20-55683, 2021 WL 3204020, at *2 (9th Cir. July 28, 2021) (affirming denial of reconsideration where newly discovered evidence "was immaterial to the court's analysis").

"Nor should a motion for reconsideration be used to ask the court to rethink what it has already thought through." *Keller v. Berryhill*, 2018 WL 6112560, *2 (C.D. Cal. Jan. 8, 2018). "Rule 59(e) is intended to afford relief to parties only in 'highly unusual circumstances.'" *Id.* (quoting 389 *Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

## IV.   DISCUSSION

Plaintiffs contend that the Court made manifest errors of fact in its prior Order in its consideration of exhibits provided by Defendants with their dismissal motions, and they assert that they have acquired newly discovered evidence that the Court should now consider. Mot. 5-6. Defendants argue that the purported evidence is not newly discovered, and even if it is considered,

ORDER DENYING MOTION TO AMEND JUDGMENT

- 3

should not change the Court's conclusion regarding the sufficiency of Plaintiffs' retaliation claim. Opp'n 3-6.

When analyzing Defendants' dismissal motions, the Court accepted Plaintiffs' allegations as true, as it must,[3] but it also properly considered various documents when making its decision. While a court generally does not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion to dismiss, there are certain exceptions. A court may consider documents attached to a complaint and documents incorporated by reference in a complaint. *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010); *see also Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (confirming that a court may review documents where "the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint."). If such exhibits conflict with allegations in the complaint, the Court need not accept those allegations as true. *See Gonzalez v. Planned Parenthood of Los Angeles*, 759 F.3d 1112, 1115 (9th Cir. 2014) (citing cases).

In its prior Order, this Court reviewed the allegations in Plaintiffs' second amended complaint and determined that Plaintiffs had not alleged that Defendants had taken any action constituting discrimination or retaliation against them, which is a necessary element of the federal claim. Order 9-10. The Court also reviewed the relevant, undisputed exhibits and found that they did not support a finding of discriminatory or retaliatory acts. *Id.* Accordingly, the Court dismissed the claim. *Id.* at 11. None of Plaintiffs' repeated arguments or new exhibits changes that conclusion.

---

[3] When considering a motion to dismiss under Rule 12(b)(6), courts must accept the factual allegations in the complaint as true and construe such allegations in the light most favorable to the plaintiff. *Interpipe Contracting, Inc. v. Becerra*, 898 F.3d 879, 886-87 (9th Cir. 2018).

ORDER DENYING MOTION TO AMEND JUDGMENT

- 4

The Court has reviewed Plaintiffs' "new evidence," which was attached to their Reply Plaintiffs admit that they received most of this evidence before the Court issued its prior Order. *See* Reply 5-7. Plaintiffs have not demonstrated that these exhibits would have been material or reviewable under a dismissal standard. Regardless, they do not change the Court's conclusion that Plaintiffs failed to allege retaliation. On detailed review of the Plaintiffs complaint and the relevant exhibits, the Court finds no manifest error in its determination that Plaintiffs do not allege a valid retaliation claim under the False Claims Act.

Plaintiffs fail to meet their burden under Federal Rule of Civil Procedure 59(e). Accordingly, Plaintiffs' motion must be denied, and this Court's judgment stands.

## V.  CONCLUSION

For the foregoing reasons, Plaintiffs' Rule 59(e) Motion to Alter or Amend Judgment, ECF No. 39, is DENIED.

DATED this 3rd day of July 2025.

*Barbara J. Rothstein*
Barbara Jacobs Rothstein
United States District Judge